IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPHINE KOIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 18-cv-7555 |
| | ) |
| FIRSTSOURCE ADVANTAGE, LLC, | ) |
| , | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT

## INTRODUCTION

1. Plaintiff Josephine Kois brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Firstsource Advantage, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

7. The ICAA reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

## VENUE AND JURISDICTION

8. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337 and 28 U.S.C. §1367.

9. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiff within this District;

   b. Defendant does or transacts business within this District.

## PARTIES

10. Plaintiff Josephine Kois is an individual who resides in Lockport, Illinois.

11. Defendant Firstsource Advantage, LLC is a limited liability company organized under New York law with principal offices at 205 Bryant Woods South, Amherst, NY 14228. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

12. Firstsource Advantage, LLC is engaged in the business of using the mails and telephone to collect consumer debts owed to others.

13. Defendant has a web site (https://www.firstsourceadvantage.com/) on which it states that "We are a leading debt collection service provider" with "1,000+ collections professionals nationwide" and "20+ years' experience recovering debt across the US," that "Manage[s] over $4 billion of inventory annually".

14. Firstsource Advantage, LLC is a debt collector as defined in the FDCPA.

### FACTS

15. Defendant has been attempting to collect from plaintiff an alleged credit card debt incurred, if at all, for personal, family or household purposes.

16. On multiple occasions during the spring of 2018, defendant called Ms. Kois' son and discussed the debt with him.

17. For example, sometime before April 12, 2018, Plaintiff's son received a phone call from Defendant attempting to collect the debt.

18. Plaintiff found out about the call to her son after Plaintiff's son called her to discuss the phone call.

19. Again, on April 12, 2018 Defendant called Plaintiff's son in an attempt to collect the debt.

20. After the second phone call, Plaintiff's son, again, notified his mother that he had received a phone call from Defendant attempting to collect the debt.

21. In response to the second phone call Plaintiff told her so to give Defendant Plaintiff's phone number so Defendant would stop calling her son.

22. On information and belief, Defendant called Plaintiff's son a third time attempting to collect the debt and during this call Plaintiff's son gave Plaintiff's phone number to Defendant.

23. Shortly thereafter, Plaintiff received a phone call from Defendant to her own

phone in an attempt to collect the debt.

24. During the call Plaintiff told Defendant's employee "you have no business calling my son" at which Defendant then promptly hung up.

25. All of Defendant's calls to Plaintiff's son were to his cell phone.

26. During the calls to Plaintiff's son, Defendant revealed to Plaintiff's son the exact amount of money she owed and other information about the debt.

27. Plaintiff was harassed and aggravated and embarrassed as a result.

### COUNT I – FDCPA

28. Plaintiff incorporates paragraphs 1-17.

29. Defendant violated 15 U.S.C. §1692c by discussing the debt with plaintiff's son.

30. Section 1692c provides:

> **§ 1692c.  Communication in connection with debt collection**
>
> **. . . (b) Communication with third parties**
>
> **Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

    i. Statutory damages;

    ii. Actual damages;

    iii. Attorney's fees, litigation expenses and costs of suit;

    iv. Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

31. Plaintiff incorporates paragraphs 1-17.

32. Defendant is a "collection agency" as defined in the ICAA.

33. Defendant violated the following provisions of 225 ILCS 425(9)(a):

> **. . . (21) Disclosing or threatening to disclose information relating to a debtor's debt to any other person except where such other person has a legitimate business need for the information or except where such disclosure is permitted by law. . .**

34. A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic,* 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

  i. Compensatory and punitive damages;

  ii. Costs.

  iii. Such other and further relief as is appropriate.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Cassandra P. Miller
Paul M. Waldera
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)